UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
TIMOTHY MOYE,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER SANTIAGO VARELA,
Shield # 15326, and NEW YORK CITY POLICE
OFFICER GREG CLARKE, NEW YORK CITY
POLICE OFFICER BRIAN MESCERI and
NEW YORK CITY POLICE SERGEANT
ROBERT HOLT,

                Defendants.
_____X

          **SECOND AMENDED COMPLAINT**

          PLAINTIFF DEMANDS TRIAL BY JURY

          CASE NO: CV05 3180

     PLAINTIFF TIMOTHY MOYE, by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF TIMOTHY MOYE (hereinafter "MOYE") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On or about April 11, 2005, at approximately 12:30 a.m. while walking back from a convenience store, MOYE was falsely arrested with excessive force and battered by member of the New York City Police Department. MOYE was charged with resisting arrest. All charges against MOYE were dismissed. As a result of the incident, MOYE has suffered pain and physical injuries requiring medical treatment, experienced loss of enjoyment of life, loss of freedom,

mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff MOYE resides at 1102 President Street, Apartment 1D, Brooklyn, New York, 11225.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department, and as such is the public employer of the Defendant officer herein.

5. Defendant NEW YORK CITY POLICE OFFICER SANTIAGO VARELA (hereinafter "VARELA"), Shield #15326, was a police officer of the New York City Police Department (hereinafter "NYPD"), and at all relevant times hereto, acted in the capacity as an agent, servant, and /or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, VARELA was acting under the color of state and local law.

6. At all times relevant hereto, Defendant POLICE OFFICER GREG CLARKE

(hereinafter "CLARKE") was a New York City police officer, who implemented, enforced, and /or effectuated the arrest that is the subject policy of this action, acting in the capacity as an agent, servant and employee of the Defendant CITY, and within the scope of his / her employment as such.. CLARKE is sued in his / her individual and official capacities.

7. At all times relevant hereto, Defendant POLICE OFFICER BRIAN MESCERI (hereinafter "MESCERI") was a New York City police officer, who implemented, enforced, and /or effectuated the arrest that is the subject policy of this action, acting in the capacity as an agent, servant and employee of the Defendant CITY, and within the scope of his / her employment as such.. MESCERI is sued in his / her individual and official capacities.

8. At all times relevant hereto, Defendant POLICE SERGEANT ROBERT HOLT (hereinafter "HOLT") was a New York City police officer, who implemented, enforced, and /or effectuated the arrest that is the subject policy of this action, acting in the capacity as an agent, servant and employee of the Defendant CITY, and within the scope of his / her employment as such.. HOLT is sued in his / her individual and official capacities.

## IV.  FACTS

9. On April 11, 2005, at approximately 12:30 A.M., MOYE was singing a song to himself on his way home from a convenience store on Nostrand Avenue between Fulton Street and Herkimer Street, Kings County.

10. A New York Police Department ("hereinafter NYPD") command center vehicle

was parked outside of the store.

11. After leaving the store, MOYE looked into the command center vehicle at what appeared to be a police officer dancing, and then started walking away from the vehicle, still singing a song to himself.

12. As MOYE was walking away from the command center vehicle, an Officer approached MOYE from behind and told MOYE to "Shut the fuck up."

13. MOYE responded and said "What's the problem?"

14. An officer repeated himself and again told MOYE to "Shut the fuck up," to which MOYE responded "No, you shut the fuck up."

15. An officer responded by striking MOYE in the throat.

16. MOYE verbally protested being hit, to which responded by hitting MOYE on the side of his head.

17. While MOYE was still protesting, an officer grabbed MOYE and threw him against a wall, and handcuffed him too tightly.

18. An officer searched MOYE's body and clothing and removed him to the police cruiser.

19. As an officer was placing MOYE in the police car, CLARKE grabbed MOYE's pinky and violently and intentionally twisted it, breaking the finger.

20. At no time was it explained to MOYE why he was being arrested.

21. MOYE was then taken to a the 79th police precinct, and charged with disorderly conduct.

22. After approximately 45 minutes at the precinct, MOYE was released.

23. When MOYE went to claim his personal possessions, he was not given his keys back. After asking for his keys, MOYE was told that they never received keys from him.

24. At no time did MOYE threaten, resist, impede, flee or attempt to flee from defendant officers.

25. Due to his injuries, MOYE was required to undergo extensive medical treatment and surgery. MOYE has a permanent loss of use of his finger and hand.

26. As a direct result of the officers' actions, MOYE suffered a broken right pinky finger and other injuries.   All of said injuries may be permanent.

27. As a direct result of the officers' actions, MOYE additionally suffered mental injuries, emotional injuries, post traumatic stress, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

28. That heretofore and on the 18th day of May, 2005, MOYE's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of MOYE, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

29. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment

thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to 42 USC § 1983 (EXCESSIVE FORCE)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That the incident that resulted from the intentional application of physical force by defendant officers constituted a seizure.

32. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

33. That defendant officers had no legal cause or reason to use excessive force in effectuating MOYE's arrest.

34. That defendant officers violated MOYE's Fourth, Fifth and Fourteenth Amendment rights to be free from unreasonable seizures when they used excessive force against him.

35. That at the time of the arrest, MOYE did not pose a threat to the safety of the arresting officers.

36. That MOYE was not actively resisting arrest or attempting to evade arrest.

37. That defendant CITY, through its officers, agents, and employees, unlawfully subjected MOYE to excessive force while effectuating his arrest.

38. That the defendant officers' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

39. That by reason of defendant officers' acts and

       omissions, defendant officers, acting under color of state law and within the scope of their authority, in gross and wanton disregard of MOYE's rights, subjected MOYE to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth, Fifth and Fourteenth Amendments of the Untied States Constitution.

40.    That upon information and belief, in 2005, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

41.    That upon information and belief, it was the policy and /or custom of defendant CITY to inadequately train, supervise, discipline, and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

42.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of MOYE's rights alleged herein.

44.    By reason of the foregoing, MOYE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to

reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

45. Paragraphs 1 through 44 are hereby realleged and incorporated by reference herein.

46. That the incident that resulted from the intentional application of physical force by defendants constituted a seizure.

47. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48. That defendants had no legal cause or reason to use excessive force in effectuating MOYE's arrest.

49. That at the time of the arrest, MOYE did not pose a threat to the safety of the defendants.

50. That MOYE was not actively resisting arrest or attempting to evade arrest.

51. That the defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

52. That by reason of defendants acts and omissions, defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of MOYE's rights, subjected MOYE to excessive force while effectuating his arrest, in

violation of the laws of the State Of New York.

53. By reason of the foregoing, MOYE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to State Law (BATTERY)

54. Paragraphs 1 through 53 are hereby realleged and incorporated by reference herein.

55. That defendants intended to cause harmful bodily contact to MOYE.

56. That defendants, in a hostile manner voluntarily caused MOYE's injuries.

57. That defendants contact with MOYE constituted

    a battery in violation of the laws of the State of New York

58. By reason of the foregoing, MOYE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That defendants were acting in furtherance of the duties owed to their employer, Defendant CITY.

61. That at all times defendants were acting within the scope of their employment.

62. That defendant CITY was able to exercise control over the defendants activities.

63. That defendant CITY is liable for the within defendants actions under the doctrine of respondeat superior.

64. By reason of the foregoing, MOYE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. Defendants had no justification for arresting MOYE and no probable or legal cause or excuse to detain and seize MOYE.

67. That the seizure, detention and imprisonment of MOYE was unlawful.

68. That defendants intended to confine MOYE.

69. That MOYE was conscious of the confinement and did not consent to the confinement.

70. That the confinement was not otherwise privileged.

71. By reason of defendants acts and omissions, defendants acting under the color of state law and

within the scope of their authority, in gross and wanton disregard of MOYE's rights, deprived MOYE of his liberty when they subjected MOYE to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

72. That in so acting, defendants abused their power and authority as officers of the NYPD under the color of State and /or local law.

73. That upon information and belief, defendant CITY had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MOYE was arrested despite the fact that he had not violated any law or committed any crime.

74. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

75. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

76. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY and to the constitutional rights of arrestees and were the cause of the violations of MOYE's

rights alleged herein.

77. That by reason of the foregoing, MOYE suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

78. Paragraphs 1 through 77 are hereby realleged and incorporated by reference herein.

79. That the seizure, detention and imprisonment of MOYE was unlawful in that defendants had no probable cause to detain, arrest and/or imprison MOYE.

80. That defendants intended to confine MOYE.

81. That MOYE was conscious of the confinement and did not consent to the confinement.

82. That the confinement was not otherwise privileged.

83. By reason of defendants acts and omissions, defendants acting in gross and wanton disregard of MOYE's rights, deprived MOYE of his liberty when they subjected MOYE to an unlawful, illegal and excessive detention, in violation of State law.

84. That by reason of the foregoing, MOYE suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be

permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (RECKLESSNESS)

85. Paragraphs 1 through 84 are hereby realleged and incorporated by reference herein.

86. That defendants intentionally performed an act of an unreasonable character in disregard of a known and /or obvious risk that was so great as to make it highly probable that harm would follow, in violation of the laws of the State of New York.

87. That defendants performed this action with a conscious indifference to the outcome and with a reckless disregard for the safety of MOYE, in violation of the MOYE's rights guaranteed by the laws of the State of New York.

88. By reason of the foregoing, MOYE suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

89. Paragraphs 1 through 88 are hereby realleged and incorporated by reference herein.

90. That defendants, with malicious intent, arrested MOYE and initiated a criminal proceeding despite the knowledge that MOYE had committed no crime.

91. That the criminal matter was dismissed in MOYE's favor.

92. That there was no probable cause for the arrest and criminal proceeding.

93. That by reason of acts and omissions, defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MOYE's rights, deprived MOYE of his liberty when it maliciously prosecuted her and subjected her to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

94  That upon information and belief, defendant CITY had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, MOYE was maliciously prosecuted despite the fact that he had committed no violation of the law.

95  That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

96. That as a result of the above described policies and customs, defendants , staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would

be tolerated.

97. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MOYE's rights alleged herein.

### XIII. NINTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

98. Paragraphs 1 through 97 are hereby realleged and incorporated by reference herein.

99. That defendants acted with malicious intent, arrested MOYE and initiated a criminal proceeding despite the knowledge that MOYE had committed no crime.

100. That the criminal matter was dismissed in MOYE's favor.

101. That there was no probable cause for the arrest and criminal proceeding.

102. That by reason of defendants' acts and omissions, defendants , acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MOYE's rights, deprived MOYE of his liberty when it maliciously prosecuted him in violation of the Laws of the State of New York.

WHEREFORE, MOYE respectfully request that judgment be entered:

1. Awarding MOYE compensatory damages in a full and fair sum to be determined by a jury; and

2. Awarding MOYE punitive damages in an amount to be determined by a jury; and

3. Awarding MOYE interest from the date of the incident; and

4. Awarding MOYE reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: **Brooklyn, New York**
**February 6, 2006**

                                        **LAW OFFICE OF DAVID A. ZELMAN**

                                        _____
                                        By: **David A. Zelman, Esq.(dz 8578)**
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072