UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIMOTHY MOYE,

                                Plaintiff,                    <u>Discovery Order</u>
                                                                           CV-05-3180 (DLI) (JMA)

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER SANTIAGO VARELA,
Shield # 15326, and NEW YORK CITY POLICE
OFFICER GREG CLARKE, NEW YORK CITY
POLICE OFFICER BRIAN MESCERI and NEW
YORK CITY POLICE SERGEANT
ROBERT HOLT,

                                Defendants.
-------------------------------------------------------------X
A P P E A R A N C E S:

David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225
*Attorney for Plaintiff*

Liora Jacobi
Phillip C. Kim
The City of New York Law Department
Office of Corporation Counsel
100 Church Street
New York, NY 10007
*Attorneys for Defendants City of New York,*
*Santiago Varela, Greg Clarke, Robert Holt,*
*& Brian Mesceri*

AZRACK, United States Magistrate Judge:

        On June 28, 2006, the Corporation Counsel submitted for *in camera* review materials reflecting the complaints and allegations of misconduct before the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Division ("IAB") involving defendants Santiago Varela ("Varela"), Greg Clarke ("Clarke") and Robert Holt ("Holt"). I have reviewed the CCRB and IAB reports and find as follows:

1.  The following records are relevant and must be produced to plaintiff as they "may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern" (See Bradley v. City of New York, No. 04 Civ. 8411, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005)):

    a)  The entire file on CCRB Case No. 200513516 (C/V Report Date 11/09/2005). This complaint was not deemed "unsubstantiated" by the CCRB and is relevant to the present action (See, e.g., Thompson v. City of New York, No. 05 Civ. 3082, 2006 WL 298702, at *4 (S.D.N.Y. Feb. 7, 2006)).

    b)  The entire file on CCRB Case No. 200504484 (C/V Report Date 04/22/2005). This complaint includes substantiated allegations that are relevant to the instant matter. Additionally, the CCRB determined that certain relevant allegations, while deemed "officer(s) unidentified" for purposes of resolving the allegation, involved either Officers Clarke or Varela; consequently, I find that they are relevant to the instant action and discoverable.

2.  All other documents submitted for this *in camera* review are not relevant to the present action and the City does not have to produce them to plaintiff.

3.  Plaintiff's request for unredacted copies of all of the officers' civilian complaint/disciplinary history is denied. See Younger v. City of New York, No. 03 Civ. 8985, 2006 WL 1206489, at *2 (S.D.N.Y. May 2, 2006) (CCRB complaints and records of disciplinary charges "may be redacted to exclude social security numbers and other personal information concerning the officers or other departmental personnel as well as the identification of civilian complainants").

4. While I have limited discovery to the production of records as related to Clarke and Varela, if further discovery yields evidence that other officers were involved in the alleged acts, I will allow discovery on those individuals as well.

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2005

\_\_/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE